ORIGINAL

edwardguerreroplea

LEONARDO M. RAPADAS
United States Attorney
KRISTIN D. ST. PETER
Special Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

**FILED**
DISTRICT COURT OF GUAM
APR 24 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 07-00022 |
| Plaintiff, ) | |
| vs. ) | **PLEA AGREEMENT** |
| EDWARD M.C. GUERRERO, ) | |
| Defendant. ) | |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, EDWARD M.C. GUERRERO, enter into the following plea agreement:

1. The defendant, EDWARD M.C. GUERRERO agrees to enter a guilty plea to Count II of an Indictment charging him with Accessing Device Fraud, in violation of Title 18, United States Code, Section 1029.

In exchange for the defendant's guilty plea to Count II of the Indictment, the government agrees to dismiss Count I of the Indictment upon sentencing. The government will recommend

1

that defendant receive the low end of the sentencing guidelines, a fine, and credit for time served, if any.

2. The defendant understands that the <u>maximum</u> sentence for Accessing Device Fraud in an amount more than $1,000.00, in violation of 18 U.S.C. § 1029, as a Class C felony as specified in 18 U.S.C. § 3559, is imprisonment for not more than ten years and a maximum fine of $250,000.00, together with any restitution as the court may order, and a $100 special assessment fee as set forth in 18 U.S.C. § 3013. Any sentence of incarceration may include a term of supervised release of not more than three years as set forth in 18 U.S.C. § 3583(b)(2). If the court revokes a sentence of supervised release, the court may incarcerate the defendant up to an additional term of not more than two year. The $100 special assessment fee must be paid upon sentencing.

If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purposes of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

3. The defendant understands that to establish a violation of Accessing Device Fraud, in violation of 18 United States Code, Section 1029, the government must prove each of the following elements beyond a reasonable doubt:

<u>First,</u> the defendant knowingly used an unauthorized access device, e.g. a credit card, at any time during a one-year period;

<u>Second,</u> by using the unauthorized access devices during that period, the defendant obtained things of value, their value together totaling $1,000 or more during that period;

<u>Third,</u> the defendant acted with the intent to defraud; and

<u>Fourth,</u> the defendant's conduct in some way affected commerce between one state and another state, or between a state or the United States and a foreign country.

2

4. The defendant understands that the Sentencing Guidelines are advisory only. The Court may still utilize the sentencing guidelines as an aid to determine the sentence to be imposed. The government and the defendant stipulate to the following facts for purposes of the sentencing:

    a. The defendant was born in 1985, and is a citizen of the United States.

    b. On or about December 2006, in the District of Guam, the defendant, EDWARD M.C. GUERRERO, knowingly and with intent to defraud used one unauthorized access device(s) as defined in subsections (e)(1) and (3) e.g. a Citibank credit card No. XXXX060249352101, and by such conduct, from on or about December 20, 2006 and ending on or about December 31, 2006, obtained items of values aggregating to an amount of $1,543.00, said use affecting interstate or foreign commerce, in that the stolen or fraudulently obtained credit card is serviced by a Citibank call centered located in Manila, Philippines and Citibank is a multinational corporation with banking entities throughout the United States and the world, in violation of 18 U.S.C. 1029(a)(2).

5. The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines or determine an appropriate sentencing range. The defendant acknowledges that should there be discrepancies in the final Sentencing Guidelines or sentencing range, projected by his counsel or any other person, such discrepancy is not a basis to withdraw his guilty plea.

6. The defendant agrees to pay restitution as appropriate to the Mrs. Mariana Aigiamaua of Guam.

7. The defendant agrees to waive any right to appeal or to collaterally attack his conviction. The defendant reserves the right to appeal the sentence actually imposed in his case.

8. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into his plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

3

a. The nature and elements of the charge ~~and the mandatory minimum penalty provided by law, if any~~, and the maximum possible penalty provided by law;

b. His right to be represented by an attorney;

c. His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

d. That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into the plea agreement, he waives, that is, gives up, the right to a trial;

e. That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in a prosecution for perjury or false statement if an answer is untrue;

f. That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from his plea agreement;

g. That he reads, writes and speaks the English language and has no need for an interpreter;

h. That he has read the plea agreement and understands it; and

//
//
//
//
//
//
//
//

4

i. The Defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

DATED: 4·17·07

_____
EDWARD M.C. GUERRERO
Defendant

DATED: 4/17/07

_____
JOHN T. GORMAN
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 4/24/07        By: _____
KRISTIN D. ST. PETER
Special Assistant U.S. Attorney

DATED: 4/24/07

_____
JEFFREY J. STRAND
First Assistant U.S. Attorney

5