JOHN T. GORMAN
Federal Public Defender
First Hawaiian Bank Building
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone: (671) 472-7111
Facsimile: (671) 472-7120

Attorney for Defendant
EDWARD M.C. GUERRERO

FILED
DISTRICT COURT OF GUAM
JUL 3 1 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | ) CR 07-00022 |
|---|---|
| Plaintiff, | ) RESPONSE TO DRAFT PRESENTENCE ) REPORT |
| vs. | ) |
| EDWARD M.C. GUERRERO, | ) |
| Defendant. | ) |

Defendant, EDWARD M.C. GUERRERO, by and through counsel, John T. Gorman, Federal Public Defender, respectfully accepts and adopts the findings of the Draft Presentence Investigation Report with the following objection.

### THE PROPOSED 2 LEVEL INCREASE IN MR. GUERRERO'S OFFENSE LEVEL, PURSUANT TO § 2B1.1(b)(3), IS INCORRECT AS THIS OFFENSE DID NOT INVOLVE A THEFT FROM THE PERSON OF ANOTHER.

The Draft Presentence Investigation Report (PSI) contends that Mr. Guerrero's Offense Level should be increased by 2 levels, pursuant to U.S.S.G. § 2B1.1(b)(3) as the offense conduct involved a theft from the person of another. (Draft PSI, paragraph 27). The PSI claims that

Mr. Guerrero took the credit card in question from the person of the victim, Mrs. Aigamauna. This is inaccurate.

" 'Theft from the person of another' means theft, without the use of force, of property that was being held by another person or was within arms' reach." U.S.S.G. § 2B1.1, n. 1. "Theft from the person of another, such as pickpocketing or non-forcible purse-snatching, receives an enhanced sentence because of the increased risk of physical injury." U.S.S.G. § 2B1.1 Background. This enhancement's purpose is to discourage and penalize direct or near-direct physical interplay between the victim and the thief that could lead to injury or death. Traditional canons of construction as well as the rule of lenity call for strict interpretation of all criminal statutes and rules in the defendant's favor where substantial rights are involved. Smith v. United States, 360 U.S. 1 (1959). The ordinary standard of proof for factual findings underlying sentencing enhancements is preponderance of the evidence. United States v. Pike, 473 F.3d 1053 (9th Cir. 2007).

There is no evidence to support the proposed 2 level enhancement. The PSI details how Mrs. Aigamauna lost her credit card. "Mrs. Aigamauna, stated that she either forgot or dropped her credit card" when she was shopping at the Andersen Air Force Base Exchange Store on December 23, 2006. (Draft PSI, paragraph 12). There is no evidence that Mr. Guerrero took the credit card from the person of Mrs. Aigamauna. There is no evidence that Mrs. Aigamauna was within arm's reach when Mr. Guerrero came into possession of the credit card. There is no evidence of any direct or indirect physical interplay between Mrs. Aigamauna and Mr. Guerrero, and of course, no risk of any kind of injury to the victim.

The proposed 2 level increase in Mr. Guerrero's Base Offense Level, pursuant to

U.S.S.G. 2B1.1(b)(3), for theft from the person of another is simply unsupported by any evidence and is incorrect. Mr. Guerrero requests that paragraphs 27, 33 and 59 be amended accordingly.

DATED: Mongmong, Guam, July 30, 2007.

/s/ JOHN T. GORMAN
JOHN T. GORMAN
Attorney for Defendant
EDWARD M.C. GUERRERO

3

## CERTIFICATE OF SERVICE

I, RENATE A. DOEHL, hereby certify that a true and exact copy of the foregoing document was filed with U.S. District Court and electronically served by the U.S. District Court Clerk's Office to the following on July 30, 2007:

> KRISTIN ST. PETER
> Special Assistant United States Attorney
> Sirena Plaza
> 108 Hernan Cortez, Ste. 500
> Hagatna, Guam 96910
>
> Attorney for Plaintiff
> UNITED STATES OF AMERICA
>
> STEPHEN GUILLIOT
> U.S. Probation Officer
> U.S. Probation Office
> Districts of Guam and NMI
> 2nd Floor, U.S. District Court

DATED: Mongmong, Guam, July 30, 2007.

_____
RENATE A. DOEHL
Operations Administrator

4

Case 1:07-cr-00022    Document 18    Filed 07/31/2007    Page 4 of 4